17,545-19,20

STEVEN D. GILBERT # 423646
TDCJ-ID ELLIS UNIT
1687 FM 980 Rd.
Huntsville, Texas 77343

January 28, 2015

TO:

THE COURT OF CRIMINAL APPEALS
ABEL ACOSTA, CLERK
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

Re: Habeas Corpus Writ
17,545-19 and
17, 545-20

Dear Clerk,

Enclosed please find my Objection to the Trial Court's findings and conclusions in this habeas corpus proceeding, will you please present this to the court for a consideration in the matter prior to it's final decision in this case.

Thank you kindly, I do .

Sincerely,

Steven D. Gilbert #423646
Applicant

cc:files
CCA Clk.

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 04 2015
Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

EX PARTE

§

STEVEN DWAYNE GILBERT
APPLICANT

§ TRIAL No. 6754-I,6755I

§

CCA No. WR-17,545-19,and
17,545-20

§

APPLICANT'S OBJECTION TO THE
TRIALCCOURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW :

TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS :

COMES NOW, Applicant Gilbert, who brought this habeas corpus writ pursuant to Article 11.07 V.A.C.C.P., and on August 14, 2014, the state responded by stating that nothing was wrong with applicant's sentence. The trial court adopted the state's argument and recommended that the writ be denied. On October 15, 2014, the Court of Criminal Appeals remanded the habeas writ back to the trial court after deciding that the claim, if true, might entitle applicant to releif, and ordered the trial court to make a finding and conclusion as to the claim by applicant that he had been denied Flat Time Credits for time spen in jail pursuant to pre-revocation parole warrants. On January 27, 2015, the trialcourt issued it's findings and conclusions claiming that it found no unresolved issue with the calculation of applicant's sentence and the trial court again recommended that the habeas writ be denied.

## APPLICANT'S OBJECTION

Applicant objects to the findings and conclusions by the trial court whereas applicant states that the trial court has made a misapplication of the facts in this habeas writ.

(1)

# THE FACTS AND THE EVIDENCE

The facts were not disputed by the state, that applicant cannot be denied flat time credits for time spent confined pursuant to an issuance of a pre-parole revocation warrant. See Ex Parte Canada, 754 S.W. 2d 660. However, the trial court issued it's findings of facts pursuant to an Affadavit by Charley Valdez, the Supervisor III, for the Classifacation and Records Department of TDCJ-ID. Applicant alleges that Mr. Valdez's affadivat was and is not an official document reliable or truthful to make a de novo hearing one of fairness. In applicant's habeas filings he presented reliable evidence to support his claim, that evidence consisting of official documents showing without question or dispute that he had been wrongfully denied his flat time credits.

## THE EVIDENCE :

In this habeas corpus proceeding applicant presented a "TIME RECORD SHEET". That time record sheet shows how much time applicant has been credited on his 30 year sentence. The time record sheet is an offical document provided to every offender by TDCJ-ID.

Secondly, applicant presented a "Manuel Calculation Time Print-out Form". That form was provided by staff counsel for offenders. It shows each time applicant entered TDCJ-Id, and the date of his release. Also, it was an calculation of the exact amount of time applicant has accumalated on his 30 year sentence pursuant to the 5 times he was in TDCJ-Id.

## THE FACTS :

According to these offical documents, it is obvious and also undisputed by Mr. Valdez that applicant has earned 24 years, 7 months and 21 days on his 30 year sentence.

(2)

## THE MISAPPLICATION OF THE FACTS :

The only issue for the trial court was for it to decide where did the 24 years, 7 months and 21 days that applicant has been given credit for come from. Mr. Valdez simply typed up a chart by using all of applicant's arrest dates and release dates and stated that applicant had received credits for those dates. However, applicant viggorously alleges that for Mr. Valdez to claim such is absolutely absurb, because the actual offical Time Sheet Records from TDCJ-ID clearly shows that applicant has been incarcerated 5 differnt times on his 30 year sentence and pursuant to those 5 incarcerations applicant was in prison for 24 years, 7 months and 21 days. The trial court misapplied the facts by not doing it's own calculation of applicant's time from his 5 incarcerations, instead it relied on a erroneous and untruthful affadavit of Mr. Valdez.

## BASIC MATHEMATICS :

Because applicant's 5 prison incarcerations equals 24 years, 7 months, and 21 days, and according to Mr. Valdez himself, the records shows that applicant has been credited with 24 years, 7 months and 21 days, for Mr. Valdez to state the claim that TDCJ had given applicant the 20 months flat time credits that he claims he has been denied is far fetched.

## A SIMPLE HABEAS CORPUS ISSUE :

The issue is very simple, first determine how much time applicant spent in prison on his sentence the 5 incarcerations and then review TDCJ-Id's records to find out how much time applicant has been credited. If applicant has spent 24 years, 7 months, and 21 days in prison, then there is no way TDCJ has credited him with the 20 months pre-revocation parole credits.

(3)

THE EXHIBITS :

Attached to this objection applicant is presenting the (A) TIME RECORD SHEET FROM TDCJ-ID (B) AND THE MANUAL TIME CACULATION FORM SHEET.

PURPOSE OF THE EXHIBITS :

These exhibits will allow the Court of Criminal Appeals to see that applicant has only been given credit for 24 years 7 months and 21 days, also, a review of the findings and conclusions by the trial court will reveal that Mr. Valdez agrees to the figuration of the amount of time applicant has been credited for. The ManualTime Caculation Form will show how much time applicant earned "IN PRISON" on his sentence. Without doubt the fact will show that applicant has not been credited with any time except what he earned in prison.

WHEREFORE, Applicant Pray that this Court of Criminal Appeals would reject the findings and conclusions of the trial court and issue an order that TDCJ-ID immediately award the 20 months of flat time credits to the completion of applicant's sentence, and that if so ordered, applicant would be released to mandatory supervision parole pursuant to law .

Respectfully Submitted,

Steven D. Gilbert 423646
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77343

NOTARY
I, STEVEN D. GILBERT Tdcj-Id No. 423646, do hereby declare under the penalty of perjury that the above is true and that I signed the same on this 1St day of Febuary , 2015.

Applicant Pro Se

(4)

UNIT COPY
ITS40952

T.D.C.J.-INSTITUTIONAL DIVISION          05/02/2014-106
INMATE TIMESLIPS

GILBERT,STEVEN                    TDC:00423646 SID:03695806 UNIT: E
                                 HOUSING/BED:        H-19-2  11

*PRJ-REL-DATE:        06 05 2016      MAX-EXP-DATE:        01 28 2020
*INMATE STATUS:       L1               MAX TERM:            30 00 00

FLAT   TIME CREDITED:    24 03 02      CALC BEGIN DATE:   01 13 1986
GOOD   TIME CREDITED:     0 10 12      TDC RECEIVE DATE:  06 06 1986
BONUS  TIME CREDITED:     1 04 18      GOOD TIME LOST:            0
WORK   TIME CREDITED:     0 00 00      WORK TIME LOST:            0
*TOTAL TIME CREDITED:    26 06 02

*STATUS EFFECT DATE: 01 10 2013       JAIL GOOD TIME RECEIVED: YES

DEC:          QCC:


PAROLE DATA: SUBMITTED FOR BOARD REVIEW

→ (Fact Supported By The evidence presented)

Applicant's Flat Time Credits That Tdcj has given
him on his 30 year Sentence ARE 24 YRS, 3 mts., And 2 DAYS
As of May 2, 2014. A calculation of the Time Applicant
Spent Incarcerated In Tdcj-Id PRisons the Five different times
He was Sent to Tdcj PRoves that he has not been given ANY
Flat time credits FOR the 21 months worth of time He was
Incarcerated on behalf of the numerous parole warrants.

Ex parte Canada, 754 S.W.
2d 660 (Tex. Crim. App.)

Projected Release Date/Multiple Releases          Offender Name: Gilbert, Steven
FLAT TIME                                          TDCJ# 423646

**Period One**                    **Period Two**                    **Period Three**

1990-03-15 Released               2000-06-12 Released               2007-02-08 Released

-1986-01-13 SBD                   -1990-09-20 Jail Date             -2001-08-07 Jail Date

=04-02-02 Y/M/D Flat              =09-08-22 Y/M/D Flat              =05-06-01 Y/M/D Flat

**Period Four**                   **Period Five**

2011-10-13 Released               _____ Released

-2008-03-29 Jail Date             - _____ Jail Date

=03-06-14 Y/M/D Flat              = _____ Y/M/D Flat

**Period Six**                    **Period Seven**

_____ Released                2014-06-02 Today's Date

- _____ Jail Date             -2013-01-10 Jail Date

= _____ Y/M/D Flat            =01-04-22 Y/M/D Flat

| | |
|---|---|
| Period One | 04-02-02 |
| Period Two + | 09-08-22 |
| Period Three + | 05-06-01 |
| Period Four + | 03-06-14 |
| Period Five + | |
| Period Six + | |
| Period Seven + | 01-04-22 |
| Y/M/D FLAT = | 04-04-01 |

Converted, if necessary = _____

Flat Time Served In TDCJ = Calculated On: June 6, 2014

**************************************************************************

GOOD TIME (Start with SBD if Pre-65th or if never released to parole/MS.)
       Legislature: 65th

**First Classification:** L1          **Second Classification:** _____          **Third Classification:** _____

2014-06-02 Class. End / Today's Date          _____ Class. End          _____ Today's Date

-2013-01-10 SBD or Jail Date          - _____ Date Prom/Dem          - _____ Date Prom/Dem

=01-04-22 Y/M/D Flat          = _____ Y/M/D Flat          = _____ Y/M/D Flat

Converted 507 # Days          Converted _____ # Days          Converted _____ # Days

X .667 Ratio          X _____ Ratio          X _____ Ratio

= 338 Good Days          = _____ Good Days          = _____ Good Days


338 First Class.          Days Lost Discipl.          338 Total Good Days

+ _____ Second Class.          _____ + +0          - 0 Total Days Lost Discipl.

+ _____ Third Class.          _____ + +_____          = 338 Total Good Days Earned

= 338 Total Good Days          _____ + +_____          =0-11-08 TOTAL GOOD Y/M/D

**************************************************************************

| Pre65th/65th Class | Good Time Ratio | 70th + Class |
|---|---|---|
| SAT I C, SAT II C, SAT III C | 2 | |
| SAT I B, SAT II B, SAT III B, SAT IV C | 1.833 | |
| SAT I A, SAT II A, SAT III A, SAT IV B | 1.667 | |
| SAT I, SAT II, SAT III, SAT IV A | 1.5 | |
| SAT IV | 1.33 | |
| LINE I C | 1.16 | |
| LINE I B | 1 | SAT I, SAT II, SAT III |
| LINE I A, LINE II C | .833 | SAT IV |
| LINE I, LINE II B | .667 | LINE I |
| LINE II A | .5 | |
| LINE II | .33 | LINE II |
| LINE III A, LINE III B, LINE III C | 0 | LINE III |